# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BYRON GREENE | CIVIL ACTION |
| VERSUS | No. 18-4927 |
| 1ST LAKE PROPERTIES, INC., ET AL. | SECTION I |

## ORDER & REASONS

Before the Court is defendants 1st Lake Properties, Inc. ("1st Lake") and Brenda Huggett's ("Huggett") motion[1] to dismiss *pro se* plaintiff Byron Greene's ("Greene") complaint or, alternatively, to quash service pursuant to Federal Rule of Civil Procedure 12(b)(5). For the following reasons, the motion is granted in part and denied in part.

## I.

On May 11, 2018, Greene filed this lawsuit against 1st Lake and Huggett (collectively, the "defendants"). In his complaint, Greene alleges that the defendants violated several of his constitutional rights during his tenancy at an apartment community in Kenner, Louisiana known as Sugar Mill West Apartments.[2] 1st Lake

---

[1] R. Doc. No. 11.
[2] *See generally* R. Doc. No. 1; *see also* R. Doc. No. 11-1, at 1. "Sugar Mill Apartment" was originally a defendant in this case. R. Doc. No. 1, at 1. The present motion requests, in part, that the Court dismiss Greene's claims against Sugar Mill Apartment, but the attorneys representing 1st Lake and Huggett do not represent Sugar Mill Apartment and cannot request relief on its behalf. Furthermore, the request is moot because, on October 23, 2018, the Court dismissed Sugar Mill Apartment from this case. R. Doc. No. 15, at 1.

is a Louisiana corporation that operates Sugar Mill West Apartments, and Huggett is the Sugar Mill West Apartments manager.[3]

On May 16, 2018, the United States Magistrate Judge granted Greene's motion for leave to proceed *in forma pauperis*.[4] Accordingly, the Clerk of Court for the Eastern District of Louisiana issued summonses for each defendant, all of which were returned executed by a deputy United States Marshal on August 17, 2018. *See Lindsey v. United States R.R. Ret. Bd.*, 101 F.3d 444, 446 (5th Cir. 1996) ("Once the *in forma pauperis* plaintiff has taken reasonable steps to identity the defendant(s), 'Rule 4(c)(2) [now 4(c)(3)] and 28 U.S.C. § 1915(c) stand for the proposition that . . . the court is obligated to issue plaintiff's process to a United States [m]arshal who must in turn effectuate service upon the defendants . . . .'") (emphasis omitted).[5]

## II.

Federal Rule of Civil Procedure 12(b)(5) permits a court to dismiss a complaint based on insufficient service of process. "In the absence of valid service of process, proceedings against a party are void." *Aetna Bus. Credit, Inc. v. Universal Decor & Interior Design*, 635 F.2d 434, 435 (5th Cir. 1981). "[O]nce the validity of service of process has been contested, the plaintiff bears the burden of establishing its validity." *Carimi v. Royal Caribbean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992).

---

[3] R. Doc. No. 11-1, at 2; R. Doc. No. 11-2, at 1. The caption of Greene's complaint states that Huggett is a defendant in both her individual and official capacities, R. Doc. No. 1, at 1, but the complaint never explains the distinction. In fact, Greene's complaint does not include any specific facts about Huggett other than the allegation that she discriminated against him. *See id.* at 4, 5, 6.
[4] R. Doc. No. 3.
[5] R. Doc. Nos. 3, 5, 6, 7.

2

Federal Rule of Civil Procedure 4(m) gives plaintiffs 90 days to effect service on a defendant. If a defendant is not properly served within 90 days of the filing of the complaint, the court must dismiss the action or order that service be made within a specified time. Fed. R. Civ. P. 4(m); *see also Price v. Hous. Auth. of New Orleans*, No. 09-4257, 2010 WL 3802553, at *2 (E.D. La. Sept. 10, 2010) (Vance, J.). However, the rule also provides that, if the plaintiff shows good cause for his failure, the court must extend the deadline for effecting service "for an appropriate period." Fed. R. Civ. P. 4(m). The plaintiff also bears the burden of establishing "good cause for failure to effect timely service." *Systems Signs Supplies v. United States Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990).

"[S]ervice of process by *pro se*, [*in forma pauperis*] litigants is governed by '[s]pecial,' or more lenient, rules." *Holly v. Metro. Transit Auth.*, 213 F. App'x 343, 344 (5th Cir. 2007) (italics added) (quoting *Lindsey*, 101 F.3d at 446).[6] "Nonetheless, when the failure of effective service may be ascribed to the plaintiff's 'dilatoriness or fault' or 'inaction,' the case may be properly dismissed." *Id.* at 344–45 (quoting *Rochon v. Dawson*, 828 F.2d 1107, 1109–10 (5th Cir. 1987)).

Rule 4(e) governs service of process on an individual:

Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:

(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state

---

[6] In *Lindsey*, the Fifth Circuit explained the "special" rules that govern *in forma pauperis* litigants. *Lindsey*, 101 F.3d at 446 (citing 28 U.S.C. § 1915(c), now § 1915(d), and Fed. R. Civ. P. 4(c)(2), now Rule 4(c)(3)).

3

> where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
> > (A) delivering a copy of the summons and of the complaint to the individual personally;
> >
> > (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> >
> > (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

Rule 4(h) governs service of process on a corporate entity. A corporation may be served either in accordance with Rule 4(e)(1), described above, or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1).[7]

The summonses that were returned executed show that Greene informed the United States Marshals Service that Huggett could be served via "the manager" at "Sugarmill West Office."[8] As to 1st Lake, Greene instructed that a copy of the summons and the complaint could be given to "any person 'authorize[d] to accept.'"[9] In the returned summonses, the deputy United States Marshal who effectuated

---

[7] "[I]f the agent is one authorized by statute and the statute so requires," Rule 4 also requires that a copy of the summons and complaint be mailed to each of the defendants. Fed. R. Civ. P. 4(h)(1)(B).
[8] R. Doc. No. 5.
[9] R. Doc. No. 6.

4

service indicated that Jean Czernia ("Czernia"), an administrative assistant, received service of process for both defendants.[10] 1st Lake and Huggett now move the Court to dismiss Greene's complaint for insufficient service of process or, alternatively, to quash service.

## III.

In support of their motion to dismiss, 1st Lake and Huggett submitted a declaration from 1st Lake's director of operations, Anthony Barattini ("Barattini").[11] According to Barattini, 1st Lake employs Huggett.[12] Pursuant to Rule 4(m), Greene was required to serve the defendants by August 9, 2018.

### *1st Lake Properties, Inc.*

The Court concludes that 1st Lake has not been properly served. Pursuant to Rule 4(h), as it applies to this case, 1st Lake can be served by delivering a copy of the summons and complaint to "an officer, a managing or general agent, or any other agent authorized by appointment or by law," Fed. R. Civ. P. 4(h)(1)(B), or by complying with Louisiana's service of process laws, Fed. R. Civ. P. 4(h)(1)(A). The Louisiana Code of Civil Procedure provides that a corporation must be served "by

---

[10] *See* R. Doc. Nos. 5, 6. It is unclear from the record whether Czernia is an administrative assistant for Sugar Mills West Apartments, 1st Lake, or some other individual or entity.

[11] R. Doc. No. 11-2. The Court may consider declarations and affidavits when resolving a Rule 12(b)(5) challenge without converting the motion to dismiss into a motion for summary judgment. *See Thomas v. New Leaders for New Schs.*, 278 F.R.D. 347, 351 (E.D. La. Dec. 19, 2011) (Africk, J.); *see also Quinn v. Miller*, 470 F. App'x 321, 323 (5th Cir. 2012); *Dumas v. Decker*, 556 F. App'x 514, 515 (7th Cir. 2014); *Vazquez-Robles v. CommoLoCo, Inc.*, 757 F.3d 1, 4 (5th Cir. 2014); *Hearst v. West*, 31 F. App'x 366, 369 (9th Cir. 2002).

[12] R. Doc. No. 11-2, at 1.

personal service on any one of its agents for service of process." La. Code Civ. Proc. art. 1261(A).[13]

According to Barattini's declaration, 1st Lake's agents for service of process are William Henry Shane, Jr. and James P. Favrot, neither of whom have been personally served with a copy of the summons and complaint.[14] Thus, Greene has not served 1st Lake in accordance with Rule 4(h)(1)(A). Instead, the deputy United States Marshal gave a copy of the summons and complaint to Czernia based on Greene's instructions.[15]

Rule 4(h)(1)(B) has, therefore, also not been satisfied. Czernia is not a 1st Lake registered agent for service of process, nor does Greene contend that she is "an officer, a managing or general agent, or any other agent authorized by appointment or by law." *See Peter-Takang v. Dep't of Children & Family Servs.*, No. 14-1078, 2015 WL 4097157, at *5 (E.D. La. July 5, 2015) (Brown, J.). He has, therefore, not met his burden of showing that 1st Lake was validly served.[16]

---

[13] In limited circumstances, a corporation may be served by personally serving the Louisiana Secretary of State or his designee pursuant to Louisiana Code of Civil Procedure article 1262. However, neither party argues that article 1262 applies in this case.
[14] R. Doc. No. 11-2, at 2.
[15] Greene's response to the motion to dismiss states only that "1st Lake Properties et al[ ] was served by U.S. Marshal Office on August 3, 2018" and that the defendants have not answered the complaint within the period required by the federal rules of civil procedure. R. Doc. No. 14, at 1.
[16] With respect to who qualifies as a "managing" or "general" agent for a corporation, another section of this Court has explained,

> [i]n *Lone Star Package Car Co. v. Baltimore & O. R. Co.*, 212 F.2d 147, 152 (5th Cir. 1954), the Court held that "[i]f a corporation's business is so substantial as to render the corporation amendable to suit in the

*Brenda Huggett*

The Court also concludes that Huggett has not been properly served. Rule 4(e) permits Greene to serve Huggett in one of four ways: by personal service, domiciliary service, serving an authorized agent authorized, or in compliance with Louisiana law. *See* Fed. R. Civ. P. 4(e).

Huggett states that she has not been personally served, and Greene does not contest her contention. Rather, the deputy United States Marshal gave a copy of the summons and complaint to Czernia at the Sugar Mill West Apartments complex. To effect domiciliary service pursuant to the federal rules, the deputy United States marshal would have had to leave a copy of the summons and the complaint at Huggett's "individual dwelling or usual place of abode." Fed. R. Civ. P. 4(e)(2)(B). In

---

> state, its principal agent in charge of activities within that state meets the test of a 'managing agent.'" Further, the Fifth Circuit recognized in *Jim Fox Enterprises, Inc. v. Air France*, 644 F.2d 63, 64 (5th Cir. 1981), that "the courts have established the proposition that one invested with general powers involving the exercise of independent judgment and discretion is such an agent." . . . [I]n an unpublished opinion, the Court found that "the individual sought to be served must have actually authorized another to accept service of process on the would-be principal's behalf . . . ." *Lisson v. ING Groep N.V.*, 262 F[.] App[']x. 567, 569 (5th Cir. 2007) (unpublished). The *Lisson* Court held that service on an unauthorized employee is insufficient "even if such service [is] sufficient to apprise [the Corporation] of the action pending against it."

*Duncan v. City of Hammond*, No. 08-5043, 2009 WL 10680059, at *1 (E.D. La. Mar. 31, 2009) (Vance, J.). In 2014 the Fifth Circuit held that service was properly effected on a corporation-defendant, noting that the person who had been served was one of the corporation's owners and its manager. *Gatte v. Dohm*, 574 F. App'x 327, 332 (5th Cir. 2014). Regardless, as explained herein, Greene does not allege that Czernia was an officer or a managing or general agent of 1st Lake, and there is nothing in the record demonstrating that Czernia meets any of the criteria described in the various Fifth Circuit cases summarized in *Duncan*.

his declaration, Barattini attests that, although Huggett works at Sugar Mill West Apartments, she does not reside there.[17] Consequently, domiciliary service has not been properly effected under Rule 4. Finally, Greene does not assert that Czernia is authorized to receive process as Huggett's agent. Thus, for Huggett to have been properly served, she would have had to be served in accordance with Louisiana law.

Under Louisiana law, "[s]ervice of . . . process may be either personal or domiciliary." La. Code Civ. P. art. 1231. Article 1232 provides that "[p]ersonal service is made when a proper officer tenders the citation or other process to the person to be served." Pursuant to article 1234, "[d]omiciliary service is made when a proper officer leaves the citation or other process at the dwelling house or usual place of abode of the person to be served with a person of suitable age and discretion residing in the domiciliary establishment." As explained herein, Greene has not effected personal or domiciliary service on Huggett, and Louisiana law does not authorize serving an individual at her workplace. *See Jason v. Nugent*, No. 04-1722, 2005 WL 53301, at *2 (E.D. La. Jan. 7, 2005) (Vance, J.). Therefore, Greene has not validly served Huggett.

### IV.

Despite Greene's failure to serve 1st Lake and Huggett, the Court will not dismiss his complaint. "Where there is 'a reasonable prospect that [the] plaintiff ultimately will be able to serve [the] defendant properly,' the proper course of action is to quash service and permit a plaintiff another opportunity to complete service rather than dismiss the case." *Thomas v. New Leaders for New Schs.*, 278 F.R.D. 347,

---

[17] R. Doc. No. 11-2, at 1, 2.

352 (E.D. La. Dec. 19, 2011) (Africk, J.) (quoting *Charles Alan Wright & Arthur R. Miller*, 5B FED. PRAC. & PROC. § 1353 (3d ed. 2004)); *see also Systems Signs Supplies*, 903 at 1014 (explaining that, although a litigant's *pro se* status does not excuse "complete failure to effect service," such a litigant's "technical imperfections of service" may provide "grounds for leniency" when a defendant has actual notice of the lawsuit).

The address listed on Greene's summons for 1st Lake matches the address listed for 1st Lake with the Louisiana Secretary of State,[18] and Greene now knows the names of its registered agents. There is a reasonable possibility that Greene will be able to properly serve 1st Lake and Huggett. Although Greene does not offer any explanation for his failure to serve the defendants, the Court will nonetheless exercise its discretion to quash service and provide Greene an additional 21 days from this date during which he must re-serve both of the defendants and file proof of such service into the record.

**IT IS ORDERED** that the request to dismiss the complaint is **DENIED.**

---

[18] *See* R. Doc. No. 6; R. Doc. No. 11-2, at 3.

**IT IS FURTHER ORDERED** that the request to quash service is **GRANTED.** Greene shall file proof of proper service upon 1st Lake Properties, Inc. and Brenda Huggett into the record no later than **NOVEMBER 21, 2018**. Failure to do so will result in the dismissal of Greene's complaint.

New Orleans, Louisiana, October 31, 2018.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**